STATE OF MAINE                          UNIFIED CRIMINAL COURT
CUMERLAND, ss.                          PORTLAND
                                        Docket No. CD-CR 18-1837

STATE OF MAINE            )
                          )
v.                        )             ORDER ON DEFENDANT'S MOTION
                          )             TO COMPEL DISCOVERY
                          )
BRIAN FISHER              )

Pending before the court is Defendant's motion to compel discovery of electronic communications, including text and Facebook communications, between Defendant and the alleged victim and between Defendant and a person named "Hannah." *See* Motion to Compel Discovery per M.R.U. Crim. P. 16(d)(2) filed September 18, 2018. The court heard oral argument on Defendant's motion on October 2, 2018. Assistant District Attorney Julia Sheridan appeared and argued on behalf of the State. Attorney Robert Andrews appeared and argued on behalf of Defendant.

The State has denied Defendant's request for discovery on the ground that the electronic communications sought are not in the State's possession or control. The State explained at hearing that the victim's phone has not been retained by the State, and that it has turned over all of the electronic information it has in its possession and/or control. While Defendant acknowledges that M.R.U. Crim. P. 16(2)(C) provides that the State may deny a discovery request when it "notifies the defendant that the requested material is not within the possession or control of the State," Defendant argues that the State's obligation extends beyond actual possession or control, such that it must provide discovery where it has *access* to the information requested. Defendant contends that because law enforcement can acquire the requested information on behalf of the State, the State has access to the information and should accordingly be required to acquire it and turn it over to the Defendant. Defendant noted, further, that because the State has acquired screenshots of certain text messages, it is obligated to provide a complete set of text messages in order to provide context.

The court does not agree that "possession or control" may be read so broadly. Defendant's "access" argument fails, moreover, to take into account the fact that Defendant himself has greater access to the requested information than the State does, since the text messages sought are presumably accessible on his own devices. As the State

Entered on the Docket: 10-11-18

noted at hearing, to the extent that Defendant continues to seek the information, Defendant may avail himself of the procedures set forth in M.R.U. Crim. P. 17A(f).

Accordingly, because the requested electronic communications are not within the State's possession or control, it is hereby ORDERED that Defendant's Motion to Compel Discovery is hereby DENIED.

DATED: 9 Oct 18

_____
Jed J. French
Unified Criminal Court Judge